UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION


| | | |
|---|---|---|
| DR ORLY TAITZ ESQ | § | |
| | § | |
| vs. | § | CIVIL NO. 1:14-cv-264 |
| | § | |
| SYLVIA BURWELL, SECRETARY | § | |
| OF HEALTH & HUMAN SERVICES | § | |

**OPPOSED MOTION TO DISMISS COMPLAINT AS MOOT OR IN**

**THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT**


TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the United States Attorney for the Southern District of Texas, by and

through Lance Duke, Assistant United States Attorney, and files this Motion To Dismiss

Complaint As Moot Or In The Alternative Motion For Summary Judgment, and respectfully

would show unto the Court as follows:

FACTS

Pursuant to the Freedom of Information Act (FOIA), Plaintiff filed a request for certain

documents and records in the possession of the Centers for Disease Control and Prevention

(CDC) on November 2, 2014.   On November 3, 2014, Plaintiff received an email from the CDC

that her request had been received and would be forwarded to the CDC's FOIA compliance

office.   Plaintiff did not receive the requested documents within 20 days of her request.

Plaintiff did not file an administrative appeal.   Plaintiff filed a complaint in federal district court

on December 18, 2014 seeking the court to enjoin the agency from withholding the requested

documents.   Defendant was served on January 5, 2015.   Plaintiff received the requested

documents on January 23, 2015 via FedEx.   A record of the receipt is attached hereto as Exhibit

1.

ARGUMENT

Plaintiff has failed to state a claim upon which relief can be granted, pursuant to Fed. R.

Civ. P. 12(b)(6).   Plaintiff filed suit seeking: "1. Order by the court directing the defendant to

provide the plaintiff with the response to her FOIA request. 2. Order by the court directing the

agency to provide the plaintiff the Vaughn index, enumerating all documents in agency's

possession responsive to FOIA request at hand."   Plaintiff's Complaint D.E.1, p. 3.   On January

23, 2015, Plaintiff received all requested documents and the basis for withholding certain

personal identification information contained therein. The court cannot enjoin the Defendant

from withholding documents which were not withheld.   Once the requested documents were

provided, the case became moot. Ayanbadejo v. Chertoff, 517 F.3d 273, 278 (5TH Cir. 2008).

Pursuant to Fed. R. Civ. P. 12(b)(1), the district court lacks subject-matter jurisdiction.

The Supreme Court has provided the basis for bringing suit in federal court under FOIA

> "Under 5 U.S.C. §  552(a)(4)(B) federal jurisdiction is dependent upon a
> showing that an agency has (1) "improperly"; (2) "withheld"; (3) "agency
> records." Judicial authority to devise remedies and enjoin agencies can only be
> invoked, under the jurisdictional grant conferred by § 552, if the agency has
> contravened all three components of this obligation." Kissenger v. Reporters
> Committee for Freedom of the Press, 445 U.S. 136, 150 (1980).

In the case before the Court, the Plaintiff cannot show that the agency "withheld" the requested

records since they have now been provided to her.   "A case is properly dismissed for lack of

subject matter jurisdiction when the court lacks the statutory or constitutional power to

adjudicate the case." Under 5 U.S.C. §  552(a)(4)(B) and after the filing of a complaint the

district court "has jurisdiction to enjoin the agency from withholding agency records and to order

the production of any agency records improperly held withheld from the complainant."   When

the requested documents were provided to the Plaintiff, the district court lost jurisdiction.

Fed. R. Civ. P. 56(a) provides that "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   In the case before the court, the Defendant has attached Exhibit 1 as proof that the FOIA requested documents have been received by Plaintiff.   There is no dispute that the requested documents have not been received.   Plaintiff's claim has been rendered moot by the provision of the records and there is no genuine dispute of a material fact.

<u>PRAYER</u>

Because of the foregoing reasons and analysis, the Defendant prays that this court grant Defendant's Motion to Dismiss The Complaint As Moot pursuant to Fed. R. Civ. P 12(b)(6) and for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).   In the alternative the Defendant requests that this court grant Defendant's Motion for Summary Judgment.

Respectfully submitted,
KENNETH MAGIDSON

s/ *Lance Duke*

Lance Duke
Assistant United States Attorney
Southern District of Texas No. 21949
Texas State Bar No. 00798157
800 North Shoreline, Suite 500
Corpus Christi, Texas 78401
(361) 888-3111
(361) 888-3200 (Facsimile)
Lance.Duke@usdoj.gov (Email)

Counsel for Defendant

## CERTIFICATE OF SERVICE AND CONFERENCE

I hereby certify that on this 4TH day of February, 2015, a copy of Motion To Dismiss Complaint As Moot was mailed to Dr. Orly Taitz, Plaintiff, 29839 Santa Margarita, Ste 100, Rancho Santa Margartia, CA 92688 and further that I consulted with Plaintiff about my intention to file this Motion To Dismiss Complaint As Moot.   Plaintiff did not state a position regarding the Motion and is therefore considered opposed .

<div style="margin-left: 50%;">

KENNETH MAGIDSON
UNITED STATES ATTORNEY


BY:    /s *Lance Duke*
       LANCE DUKE
       Assistant U.S. Attorney

</div>