Dr. Orly Taitz, ESQ

29839 Santa Margarita, ste 100

Rancho Santa Margarita, CA 92688

United States District Court
Southern District of Texas
FILED

FEB 1 9 2015

David J. Bradley, Clerk of Court

US District Court

Southern District of Texas

| | |
|---|---|
| **Taitz** | ) Hon. Andrew Hanen Presiding |
| V | ) 14-cv-264 |
| **Burwell** | ) |

## OPPOSITION TO MOTION TO DISMISS

### SUMMARY OF THE ARGUMENT

Motion to dismiss should be denied due to fraud and misrepresentation.

### STATEMENT OF FACTS

An issue of quarantine and isolation of individuals with infectious diseases arose in a related case Taitz v Johnson et al 14-cv-0119. Due to refusal by the defense to produce any requested records, Taitz filed a FOIA request for production of documents. Per 5 USC 552 FOIA, documents were supposed to be provided within 20 days. As no response was received for 46 days, a legal action at hand was filed.

Over a month after this legal action was filed, defendant provided only a few documents. Most of the requested documents were not provided.

Defendants filed a motion to dismiss, where they claimed that ALL the documents were provided.

## ARGUMENT

The most important part of this FOIA request entailed request for isolation and quarantine records. (Exhibit 1 complaint with FOIA request). Response from the defense is in Exhibit 2. Within the response defendant provided only one quarantine record, most of the pages of the response contained a lengthy article about Ebola in Africa and blank forms. Based on plaintiff's knowledge and informed belief, there are hundreds of cases of isolation and quarantine of individuals with infectious diseases. Based on the informed belief of the plaintiff, allegation by the defendant that submission of only 1 record for only one patient <u>represents all the requested documents</u>, represents fraud on the court.

Specifically, question 3 in FOIA request seeks "Any and All Tuberculosis Quarantine orders issued from 2012".

Question 4 sought :"Any and all quarantine/isolation orders from 2012. "

Question 4 related to all quarantine/isolation orders. The answer from the defense purports to claim that there was only 1 such order and only one patient who required isolation/quarantine. However, this very court stated during October 29, 2014 hearing:

"**THE COURT: Let me -- <u>we have had people with active TB in this courtroom</u>, which I assume since they were arrested and gone through various -- you know, according to what you're telling me, medical screenings and been in jail for a while before they ever get to us, I mean, we've had active TB people, immigrants in this courtroom. In this courtroom. You know, I mean, exposed Cristi and our interpreter and Barbara exposed to it.** " p89, Transcript of October 29, 2014 hearing in Taitz v Johnson, Obama, Burwell.

Based on the statement of this very court, there were several patients with active TB in this very courtroom and there should have been isolation orders for them.

Further, Exhibit 3 is July 30, 2014 report by John Roth, Inspector General of the Department of Homeland Security. The report states on page 3" Additional Observations. Many UAC and family units require treatment for communicable diseases, including respiratory illnesses, tuberculosis, chicken pox, and

scabies."(UAC stands for unaccompanied children). The report did not state 1 person; it clearly stated <u>MANY</u> UAC and family units. As such there should be multiple records, not one record.

Furthermore, Taitz is in contact with border patrol agents in San Diego, CA.

Taitz returned a call from the President of the local border Patrol Officers Union, Mr. Chris Harris. Taitz provides a declaration –summary of the interview of Mr. Harris attached herein.

During 02.10.2015 interview Mr. Harris stated:

1. Since 2012 there were around a dozen cases of illegal aliens with Tuberculosis crossing the border in San Diego area and being sent to local hospitals for quarantine and isolation.
2. Border Patrol agents are assigned hospital duty to watch over these illegal aliens in the hospitals. Mr. Harris was on such duty repeatedly.
3. Border Patrol Agents take to the hospital only illegal aliens who tell them that they have TB or when they suspect TB due to their persistent cough.
4. CDC claim that there was only one case of quarantine and isolation for TB in the whole nation in the period between 2012-2014, is disingenuous at best.
5. Aside from Tuberculosis, Mr. Harris observed illegal aliens with other infectious diseases crossing the border. He saw dozens of cases of illegal aliens with AIDS crossing the border. He saw multiple individuals with a combination of multiple infectious diseases, such as Tuberculosis and AIDS and others, crossing the border.

Further, Taitz received an e-mail from Border Patrol Officer Gabe Pacheco, spokesperson of the local Border Patrol Union. (Exhibit 4)

Mr. Pacheco stated that he did not receive authorization to provide Taitz with a total number of individuals, who were taken to the hospital for isolation and quarantine. However, Mr. Pacheco provided Taitz with December 2009 report by Inspector General of the Department of Homeland Security. The report is voluminous, however pertinent page 2 states "ICE detains more than 32,000 aliens on an average day". Simple math shows that if there are 32,000 detained aliens per day, multiplied by 365, it means there are 11,680,000 per year. Taitz sought information on isolation since 2012, since DACA program started. This means that in 3 years there were over 34 million illegal aliens in ICE custody and according to the report by the Inspector General of DHS, many of them have infectious diseases, such as Tuberculosis, chicken pox and others. It defies logic to believe that there was only 1 case of isolation and quarantine.

Hospitals and detention centers are required to report cases of infectious diseases and outbreaks to the CDC. Such information is supposed to be kept in a log and a bound file. Due to the fact that defendant did not provide Vaughn index and did not provide most of the documents requested, Plaintiff is asking

the court to order defendant to provide to the plaintiff for review and copying a log of isolation/quarantine records. Plaintiff will redact all sensitive personal information information.

## CONCLUSION

1. Motion to dismiss should be denied. Court should order defendant to produce all documents requested in FOIA, as well as production of Vaughn index.
2. Court should order defendant to pay for the court fees of the plaintiff.
3. Due to lack of cooperation in production of records, court should order defendant to allow the plaintiff to personally copy records from the log of records on isolation and quarantine.

Respectfully submitted,

/s/ Dr. Orly Taitz, ESQ

0217.2015

Declaration of Orly Taitz

I, Orly Taitz have personal knowledge of the facts below and declare as follows:

On 02.10.2015 I interviewed by phone Border Patrol Officer, President of local San Diego Border Patrol Union, Mr. Chris Harris. I reached Mr. Harris at 858-922-3197 number which was provided to me earlier by Mr. Harris. During 02.10.2015 interview Mr. Harris stated:

1. Since 2012 there were around a dozen cases of illegal aliens with Tuberculosis crossing the border in San Diego area and being sent to local hospitals for quarantine and isolation.
2. Border Patrol agents are assigned hospital duty to watch over these illegal aliens in the hospitals. Mr. Harris was on such duty repeatedly.

3. Border Patrol Agents take to the hospital only illegal aliens who tell them that they have TB or when they suspect TB due to their persistent cough.
4. CDC's claim that there was only one case of quarantine and isolation for TB in the whole nation in the period between 2012-2014, is disingenuous at best.
5. Aside from Tuberculosis, Mr. Harris observed illegal aliens with other infectious diseases crossing the border. He saw dozens of cases of illegal aliens with AIDS crossing the border. He saw multiple individuals with a combination of multiple infectious diseases, such as Tuberculosis and AIDS and others, crossing the border.

I declare that all of the above is true and correct to the best of my knowledge and informed belief.

/s/ Orly Taitz

02.17.2015

I, Lila Dubert, over 18 years old and declare that on 02.18.2015 I served the defense with attached pleadings by placing them in the first class mail

Signed Lila Dubert