UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| DR ORLY TAITZ ESQ § | |
| § | |
| vs. § | CIVIL NO. 1:14-cv-264 |
| § | |
| SYLVIA BURWELL, SECRETARY § | |
| OF HEALTH & HUMAN SERVICES § | |

**RESPONSE TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the United States Attorney for the Southern District of Texas, by and through Lance Duke, Assistant United States Attorney, and files this Response to Plaintiff's Opposition To Motion To Dismiss, and respectfully would show unto the Court as follows:

FACTS

Pursuant to the Freedom of Information Act (FOIA), Plaintiff filed a request for certain documents and records in the possession of the Centers for Disease Control and Prevention (CDC) on November 2, 2014. Plaintiff received the requested documents on January 23, 2015 via FedEx. Those documents were attached as Exhibit 2 to Plaintiff's response in opposition to Defendant's motion to dismiss.

ARGUMENT

Plaintiff is operating under a mistaken belief regarding the diseases for which the CDC has the lawful authority to issue quarantine orders. The CDC's authority to quarantine comes from the Public Health Services Act, section 361, which is codified as 42 U.S. § 264. Section

264(b) provides:

> "Regulations prescribed under this section shall not provide for the apprehension, detention, or conditional release of individuals except for the purpose of preventing the introduction, transmission, or spread of such communicable diseases as may be specified from time to time in Executive orders of the President upon the recommendation of the Secretary, in consultation with the Surgeon General"

Executive Order 13295 contains the list of quarantinable communicable diseases under 42 U.S. § 264 and provides:

> "(a) Cholera; Diphtheria; infectious Tuberculosis; Plague; Smallpox; Yellow Fever; and Viral Hemorrhagic Fevers (Lassa, Marburg, Ebola, Crimean-Congo, South American, and others not yet isolated or named).
>
> (b) Severe Acute Respiratory Syndrome (SARS), which is a disease associated with fever and signs and symptoms of pneumonia or other respiratory illness, is transmitted from person to person predominantly by the aerosolized or droplet route, and, if spread in the population, would have severe public health consequences."[1]

Plaintiff complains about the failure to receive CDC quarantine records for diseases which the CDC is not permitted to quarantine such as enterovirus D-68 and rabies. Consequently, no such records exist.

Plaintiff mistakenly attributes any and all quarantine orders to have been authorized by the CDC. The CDC did not formally quarantine or isolate anyone with Ebola during the time period requested. Those actions were carried out through state authority. It is this misunderstanding that likely leads Plaintiff to doubt the credibility of the CDC regarding the number of quarantine orders for tuberculosis since 2012. The CDC continues to assert that there was only one such order issued by the CDC. In fact, that particular tuberculosis quarantine order was the only quarantine order issued during the requested time period for any of the CDC

---

[1] Executive Order 13295 has twice been amended, specifically in 2005 and 2014. Neither amendment included the diseases of which Plaintiff complains.

quarantinable communicable diseases under Executive Order 13295. The records related to that order were provided in the disclosure packet Plaintiff received on January 23, 2015.

Plaintiff appears to be requesting documents regarding any and all quarantine or isolation orders issued under any authority, local, state, or federal, without limitation to the specific acts of the CDC. Such a position misunderstands FOIA. FOIA only requires the agency to disclose documents that are in that agency's possession. The Supreme Court has clearly stated "possession or control [of documents] is a prerequisite to FOIA disclosure duties". *Kissinger v.Reporters Committee for Freedom of the Press*, 445 U.S. 136, 152 (1980). FOIA does not confer a duty upon the agency to create, retain or "retrieve documents which have escaped its possession". *Id.* at 152.

To the extent that Plaintiff may be complaining about the thoroughness of the CDC's records search, the law provides guidance on assessing those efforts. "FOIA does not require an agency to show that it has identified every document responsive to a request, but only that "it performed a search reasonably calculated to yield responsive documents."" *Negley v. F.B.I.*, 589 Fed.Appx 726, 729 (5TH 2014) (unpublished) *citing Batton v. Evers*, 598 F.3d 169 (5TH Cir. 2010). "An agency may demonstrate that it conducted an adequate search by showing that it used "methods which can be reasonably expected to produce the information requested."" *Batton v. Evers*, 598 F.3d 169, 176 (5TH Cir. 2010) *citing Oglesby v. U.S. Dep't of* Army, 920 F.2d 57, 68 (D.C.Cir. 1990). "In analyzing the affidavits and declarations submitted by the government, the agency is entitled to a "presumption of legitimacy" unless there is evidence of bad faith in the handling of the FOIA request." *Batton v. Evers*, 598 F.3d 169, 176 (5TH Cir. 2010) *citing U.S.*

*Dep't of State v. Ray*, 502 U.S. 164, 179 (1991). The CDC's description of its document search is attached as Exhibit 1

Plaintiff incorrectly asserts that a hearing before this Honorable Court and an interview with a Border Patrol agent provide evidence of the Government's lack of candor with the Court. The sources for these assertions are in court comments about persons with TB and comments attributed to a federal worker employed by an outside agency. Neither of which provide any insight regarding the CDC's quarantine actions. Nor could they, as they do not attribute any actions whatsoever to the CDC. An agency's presumption of good faith cannot be defeated by purely speculative claims. *SafeCard Services, Inc. v. S.E.C.*, 926 F.2d 1197, 1200 (C.A.D.C. 1991).

## PRAYER

Because of the foregoing reasons and analysis in this Response to Plaintiff's Opposition To Motion To Dismiss as well as that provided in the original Defendant's Motion To Dismiss, the Defendant prays that this court grant Defendant's Motion to Dismiss The Complaint As Moot pursuant to Fed. R. Civ. P 12(b)(6) and for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). In the alternative the Defendant requests that this court grant Defendant's Motion for Summary Judgment.

Respectfully submitted,
KENNETH MAGIDSON

s/ *Lance Duke*
Lance Duke
Assistant United States Attorney
Southern District of Texas No. 21949

Texas State Bar No. 00798157
800 North Shoreline, Suite 500
Corpus Christi, Texas 78401
(361) 888-3111
(361) 888-3200 (Facsimile)
Lance.Duke@usdoj.gov (Email)

Counsel for Defendant

## **CERTIFICATE OF SERVICE**

     I hereby certify that on this 27TH day of February, 2015, a copy of Response To Plaintiff's Opposition To Motion To Dismiss was mailed to Dr. Orly Taitz, Plaintiff, 29839 Santa Margarita, Ste 100, Rancho Santa Margartia, CA 92688.

                                                KENNETH MAGIDSON
                                                UNITED STATES ATTORNEY

BY:    /s *Lance Duke*
                                      LANCE DUKE
                                      Assistant U.S. Attorney