IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DR ORLY TAITZ ESQ | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.  1:14cv264 |
| | § | |
| SYLVIA BURWELL, SECRETARY | § | |
| OF HEALTH AND HUMAN SERVICES | § | |
| *Defendant.* | § | |

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

1.      State where and when the meeting of the parties required by Rule 26 was held and identify counsel who attended for each party.

**Answer:      The parties exchanged proposed joint discovery/case management plans via email and confirmed changes over the phone on March 11-16, 2015.**

2.      List the cases related to this one that are pending in any state or federal court with the case number and court.

**Answer:      *Taitz v. Johnson, et al* 1:14cv119**

3.      Specify the allegation of federal jurisdiction.

**Answer:      (a)      This is a review of the FOIA, 5 USC 552, response provided by the Centers For Disease Control and Prevention and whether the agency properly complied with Plaintiff's request.**

**(b)      Defendant Sylvia Burwell takes the position that venue may be improper in the Southern District of Texas and instead lie where the Plaintiff resides, has her principal place of business, where the records are located or in the District of Columbia per 5 USC 552(a)(4)(B).**

**(b)      Defendant Sylvia Burwell, Secretary of the Department of Homeland Security respectfully submits that this case should be adjudicated based on the administrative record.**

**4.**      Name the parties who disagree and the reasons.

**Answer:      Plaintiff believes venue is proper in the Southern District of Texas because**

**that is where the records are located.**

5.     List anticipated additional parties that should be included, when they can be added and by whom they are wanted.

**Answer:**     **Defendant Sylvia Burwell is not a proper party to the suit.  The agency, Centers for Disease Control and Prevention, is the proper party and Plaintiff should be allowed to amend her pleading to reflect the same.**

**Plaintiff disagrees, chairs of departments are often listed as FOIA defendants.  CDC is a part of HHS, as such Burwell is a proper party.**

6.     List anticipated interventions.

**Answer:     None**

7.     Describe class-action issues.

**Answer:     None**

8.     State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.

**Answer:     Plaintiff is requesting that initial disclosures be completed by September 30, 2015.**

**Defendant's position is that the documents are limited to the existing records which have been exchanged and filed.**

9.     Describe the proposed agreed discovery plan, including:

A.     Responses to all the matters raised in Rule 26(f).

**Answer:     R.26(f) (3)**

A. Responses to all the matters raised in Rule 26(f).
B. When and to whom the plaintiff anticipates it may send interrogatories.
C. When and to whom the defendant anticipates it may send interrogatories.
D. Of whom and by when the plaintiff anticipates taking oral depositions.
E. Of whom and by when the defendant anticipates taking oral depositions.
F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.
G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

2

    A.    **Plaintiff is requesting the Court to set a date for responses raised in Rule 26(f).**

        **Defendant's position is this is not applicable.**

    B.    **Plaintiff is requesting 60 days from the date of this plan to send Plaintiff's interrogatories.**

        **Defendant's position is this is not applicable.**

    C.    **Defendant's position is this is not applicable.**

    D.    **Plaintiff anticipates taking oral depositions of all fact and expert witnesses identified by Defendant by the date provided by the Court.**

        **Defendant's position is this is not applicable.**

    E.    **Defendant's position is this is not applicable.**

    F.    **Plaintiff requests to designate Plaintiff's and Defendant's experts by September 30, 2015.**

        **Defendant's position is this is not applicable.**

    G.    **Plaintiff requests that Plaintiff's experts be deposed by September 30, 2015.**

        **Defendant's position is this is not applicable.**

    H.    **Plaintiff requests that Defendant's experts be deposed by September 30, 2015.**

        **Defendant's position is this is not applicable.**

10.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**Answer:**    **See above.**

11.    Specify the discovery beyond initial disclosures that has been undertaken to date.

**Answer:**    **N/A**

12.    State the date the planned discovery can reasonably be completed.

**Answer:**    **N/A**

13.  Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) conference.

**Answer:**    **The possibilities for prompt resolution are viewed by the parties as fair.**

14.  Describe what each party has done or agreed to do to bring about a prompt resolution.

**Answer:**    **Plaintiff is seeking production of additional documents and examination of the log documents.**

**Defendant has filed a motion to dismiss the complaint as moot or in the alternative as a request for summary judgment.**

15.  From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

**Answer:**    **The parties are amenable to mediation of this claim and would consider a Magistrate Judge at a settlement conference.**

16.  Magistrate judges may hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.

**Answer:**    **The parties do not agree on having a Magistrate Judge hear this case.**

17.  State whether a jury demand has been made and if it was made on time.

**Answer:**    **This is a bench trial.**

18.  Specify the number of hours it will take to present the evidence in this case.

**Answer:**    **16-24 hours**

19.  List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**Answer:**    **Defendant's motion to dismiss the complaint as moot or in the alternative motion for summary judgment.**

20.  List other pending motions.

**Answer:**    **None**

21.  Indicate other matters peculiar to this case, including discovery, which deserve the special attention of the Court at the conference.

**Answer:**      **None**

22.     List the names, bar numbers, addresses and telephone numbers of all counsel.

**Answer:**

**Kenneth Magidson**
**United States Attorney**
**Lance Duke**
**Assistant United States Attorney**
**Texas Bar No. 00798157**
**Federal Bar No. 21949**
**800 North Shoreline, Suite 500**
**Corpus Christi, Texas 78401**
**(361) 888-3111**
**(361) 888-3200 (Facsimile)**
**lance.duke@usdoj.gov (Email)**

*Attorneys for Defendant, Sylvia Burwell,*
*Secretary of Health And Human Services*

**Dr. Orly Taitz**
**California State Bar No. 223433**
**29839 Santa Margarita Pkwy, Ste 100**
**Rancho Santa Margarita, CA 92688**
**(949) 683-5411**
**(949) 766-7603 (Facsimile)**
**orly.taitz@hushmail.com (Email)**

*Attorney for the Plaintiff*


*By our signatures below, Counsel represent that each understands that the Court will*
*rely on these representations in entering its scheduling Order.*

s/ *Dr. Orly Taitz*  (by permission)          3/17/2015 _____
Dr. Orly Taitz                                 Date
Plaintiff


s/ *Lance Duke* _____             3/17/2015 _____
Lance Duke                                     Date
Assistant United States Attorney
Counsel for Defendant,
Sylvia Burwell, Secretary of Health
And Human Services